FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 20 2025
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON BARNES                                                    PLAINTIFF

v.                              CASE NO. 4:25cv498-DPM

BRINKER ARKANSAS, INC. d/b/a
CHILI'S GRILL & BAR                                       DEFENDANTS

## NOTICE OF REMOVAL

Defendant Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of Pulaski County, Arkansas, where it is pending as 60CV-25-4021, to the United States District Court for the Eastern District of Arkansas, Central Division. As grounds for removal, Defendant states:

1. Plaintiff Jason Barnes ("Plaintiff") filed his complaint in this action in the Circuit Court of Pulaski County, Arkansas, on April 15, 2025. Copies of all process, pleadings, and orders previously filed with the Circuit Court of Pulaski County, Arkansas, are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Service on Defendant was made on April 21, 2025.

3. Defendant has not yet filed a responsive pleading or motion in the Circuit Court of Pulaski County, Arkansas.

4. Plaintiff is an Arkansas citizen residing in Pulaski County, Arkansas. Compl. ¶ 1.

5. Defendant is a foreign limited liability company formed and existing under the laws of the state of Virginia with its principal place of business in Coppell, Texas. Compl. ¶ 2.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendant. Compl. ¶¶ 1–2.

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

7. Plaintiff alleges that Defendant is liable under a theory of negligence and seeks money damages in a sum exceeding that required for federal court jurisdiction in a diversity of citizenship case. ¶ WHEREFORE.

8. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441. It is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000.

9. The removal of this action is timely under the provisions of 28 U.S.C. § 1446(b)–(c) in that this notice of removal is being filed within 30 days of Defendant receiving Plaintiff's complaint.

10. A copy of this Notice of Removal has been served on Plaintiff and will be filed with the Clerk of the Circuit Court of Pulaski County, Arkansas, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar prays that this matter be removed from the Circuit Court of Pulaski County, Arkansas, to this Court, that this Court exercise jurisdiction over this matter, and that this Court grant all other proper relief.

> QUATTLEBAUM, GROOMS & TULL PLLC
> 111 Center Street, Suite 1900
> Little Rock, Arkansas 72201
> Telephone: (501) 379-1700
> Facsimile: (501) 379-1701
> twilliams@qgtlaw.com
>
> By: _____
> Thomas G. Williams, Ark. Bar No. 88186

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Apr-15 14:51:49
60CV-25-4021
C06D12 : 6 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

JASON BARNES     PLAINTIFF

V.     CASE NO. _____

BRINKER ARKANSAS, INC. d/b/a     DEFENDANTS
CHILI'S GRILL & BAR

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, Jason Barnes by and through his undersigned attorneys, and for his cause of action against the Defendant, Brinker Arkansas, Inc. d/b/a Chili's Bar & Grill, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jason Barnes is, and at all times relevant to this action was, a resident of Pulaski County, Arkansas.

2. Upon information and belief, Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar (hereinafter "Defendant" or "Chili's") is a foreign for-profit company registered to do business in the State of Arkansas. Defendant may be served through its registered agent: The Prentice-Hall Corporation System, Arkansas at 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

3. The slip and fall injury giving rise to this cause of action occurred at Chili's restaurant located at 4000 McCain Blvd., North Little Rock, AR 72116.

4. Plaintiff was a business invitee to Defendant's restaurant at the time of the fall.

**EXHIBIT A**

5. This Court has jurisdiction over the subject matter of and the parties to this action, and venue is proper in Pulaski County.

## FACTS

6. On or around June 18, 2023, Plaintiff was patronizing Chili's as a business invitee.

7. Concerned about potential closing times, Plaintiff asked Defendant's employees and/or agents if it wasn't too late to come in and eat dinner, since he knew that they would have to begin closing soon.

8. Defendant's employees and/or agents were therefore put on notice that Plaintiff was concerned about incidents that may result if they were to begin cleaning the restaurant.

9. Despite this notice, Defendant's employees and/or agents negligently and recklessly began cleaning areas of the restaurant where they knew Plaintiff would be likely to walk while dining there.

10. Likewise, Defendant's employees and/or agents negligently and recklessly failed to put up warning signs to indicate to Plaintiff where exactly they would be cleaning while he was dining there.

11. Plaintiff was therefore unable to determine where there would be water, or where the surfaces would be dry.

12. During his visit, Plaintiff got up from his table to use the restroom, exercising due caution while walking past the kitchen.

13. At that time, Defendant's employee and/or agent, using a large utility bucket full of mop water, threw the water over the floor on and around Plaintiff's feet, causing him to slip and fall, and become knocked momentarily unconscious.

14. Defendant failed to properly train its employees and/or agents in safety and cleaning procedures prior to this incident.

15. The foregoing negligent and reckless conduct directly and proximately caused Plaintiff severe injuries.

## CAUSES OF ACTION

### NEGLIGENCE

16. Plaintiff restates all foregoing paragraphs as if realleged fully herein.

17. Defendant's owed Plaintiff a duty to use ordinary care to maintain the premises in a reasonably safe condition.

18. Even if Plaintiff knew of cleaning activity around him, the dangers created by Defendant's employees and/or agents was unknown to Plaintiff and not made obvious due to Defendant's failures to post signage, and due to activities occurring in areas of the restaurant Plaintiff had not yet been.

19. Defendant should further have known that Plaintiff would be exposed to danger even if he had knowledge of cleaning activities due to its failures to post signage, and due to the fact that cleaning activities were occurring in areas of the restaurant Plaintiff had not yet been.

20. Defendant owed Plaintiff a duty to post proper signage to warn of dangers unknown to Plaintiff but known to Defendant.

21. Defendant was in fact put on notice of the risks, and yet it recklessly failed to mitigate these risks in any way.

22. Defendant owed Plaintiff a duty to exercise reasonable care in the operation of its business while Plaintiff was patronizing as a business-invitee.

23. Defendant owed a duty to its patrons to properly train its employees and/or agents in matters of safety, cleaning, and in warning customers of the same.

24. Defendant breached its duties to Plaintiff due to its failures to do the following:

   a. exercise reasonable care;

   b. post signage and warnings sufficient to notify Plaintiff;

   c. communicate safety concerns to fellow employees and/or agents;

   d. follow business practices and industry standards;

   e. inspect the premises for safety hazards unknown to its business-invitees;

   f. maintain the premises in a reasonably safe condition;

   g. properly train its employees and/or agents on safety;

   h. properly train its employees and/or agents on cleaning procedures;

   i. properly train its employees and/or agents on warning customers of dangers;

   j. reasonably anticipating that even if Plaintiff knew of potential hazards, he would still be exposed to danger;

   k. continuing to carry out cleaning activities directly in the proximity of where Plaintiff was walking, and would foreseeably have been expected to walk; and

   l. for all other failures yet to be uncovered in discovery.

25. Due to the foregoing breaches, Plaintiff suffered severe and lasting injuries.

26. Defendant's employees and/or agents negligently and recklessly breached the duty they owed to patrons in their restaurant by failing to keep a look out for Plaintiff in public walkways at the time of cleaning.

27. Defendant recklessly failed to provide proper training to its personnel in its efforts to prioritize profits over the insurance of a safe environment for its business invitees.

28. All of Plaintiff's injuries were directly and proximately caused by the acts and omissions described above.

## RESPONDEAT SUPERIOR

29. Plaintiff restates all foregoing paragraphs as if realleged fully herein.

30. All foregoing acts and omissions of Defendant's employees and/or agents were performed in the scope and course of their employment, and in furtherance of the Defendant's business goals. These acts and omissions were reflective of the training, or lack thereof, provided by Defendant, and with the intention of maximizing Defendant's profit as a corporation.

31. Defendant is therefore vicariously liable for all foregoing acts and omissions of its employees and/or agents under the theory of respondeat superior, and for all damages to which Plaintiff may be entitled under Arkansas law.

## DAMAGES

32. Plaintiff restates all foregoing paragraphs as if realleged fully herein.

33. As a direct and proximate result of Defendant's negligence and recklessness, Plaintiff suffered the following serious injuries:

   a. Severe and lasting physical injuries;

   b. Pain, suffering, and mental anguish, which will continue to suffer these conditions into the future;

   c. Scars, disfigurement, and visible results of his injury;

   d. Ongoing difficult medical treatments;

   e. Current and future medical expenses; and

   f. Loss of earnings and loss of his ability to earn in the future.

34. As a result of the Defendants' conduct, Plaintiff should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

35. Plaintiff is entitled to damages sufficient to punish Defendant for its reckless misconduct that caused Plaintiff's injuries.

## JURY DEMAND

36. Plaintiff respectfully requests a trial by jury of all issues so triable, pursuant to Ark. R. Civ. P. 38 and other applicable law.

**WHEREFORE,** Plaintiff, Jason Barnes, prays that he have Judgment over and against Defendant Brinker Arkansas, Inc. d/b/a Chili's Bar & Grill, in an amount sufficient to compensate him for his damages, said amount being in excess of that required for federal court diversity jurisdiction; for pre-judgment and post-judgment interest thereon at the maximum rates allowed by law; for his costs and attorney's fees; and for all other proper relief to which he may be entitled.

Respectfully submitted,

**Daspit Law Firm**

By: */s/ Luke M. Hartwick*
Luke M. Hartwick (AR: 2024116)
124 W. Capitol Ave., Ste. 1820
Little Rock, Arkansas 72201
Telephone: (501) 512-0367
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com
Email: LHartwick@daspitlaw.com

*Attorney for the Plaintiff*

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

JASON BARNES                                                              PLAINTIFF

v.                          No. _____

BRINKER ARKANSAS, INC. d/b/a
CHILI'S GRILL & BAR                                                       DEFENDANT

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar
c/o The Prentice-Hall Corporation System, Arkansas
300 S. Spring Street, Suite 900
Little Rock, AR 72201

---

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:  **Daspit Law Firm, 124 W. Capitol Ave., Suite #1820, Little Rock, AR 72201**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

CLERK OF COURT

Address of Clerk's Office
Pulaski County Circuit Clerk             [Signature of Clerk or Deputy Clerk]
401 W Markham St.
Little Rock, AR 72201

Date: _____

[SEAL]

**No. \_ This summons is for** Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar.

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/ she refused to receive it when I offered it to him/ her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____

[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:
My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
  [signature of server]


_____
  [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:** Date: _

By: _____
  [signature of server]


_____

  [printed name]

Address: _____

  Phone: _____

Subscribed and sworn to before me this date: _____

  Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____



**Case Title:** JASON BARNES V BRINKER ARKANSAS, INC.

**Case Number:** 60CV-25-4021

**Type:** SUMMONS - FILER PREPARED

So Ordered

Jane Valenzuela

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Apr-24 10:27:43
60CV-25-4021
C06D12 : 4 Pages

THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

JASON BARNES     PLAINTIFF

v.     No. _____

BRINKER ARKANSAS, INC. d/b/a
CHILI'S GRILL & BAR     DEFENDANT

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar
c/o The Prentice-Hall Corporation System, Arkansas
300 S. Spring Street, Suite 900
Little Rock, AR 72201

---

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: **Daspit Law Firm, 124 W. Capitol Ave., Suite #1820, Little Rock, AR 72201**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

CLERK OF COURT

Address of Clerk's Office
Pulaski County Circuit Clerk     [Signature of Clerk or Deputy Clerk]
401 W Markham St.
Little Rock, AR 72201

Date: _____

[SEAL]

No. __ **This summons is for** Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar.

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☒ On _4-21-25_ [date] I delivered the summons and complaint to _THE PRENTISE-HALL CORPORATION SYSTEM, INC AKA_ [name of individual], an agent authorized by appointment or by-law to receive service of summons on behalf of _BRINKER ARKANSAS, INC_ [name of defendant]; _d/b/a CHILI'S GRILL & BAR_, _300 SPRING STREET SUITE 900, LITTLE ROCK, AR_ [address], 11:20 AM  
where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____
[name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:  
My fee is $ _____.

DRINKER ARKANSAS INC
d/b/a CHILI'S GRILL & BAR

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____ SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
    [signature of server]

_____
    [printed name, title, and badge number]

To be completed if service is by a person other than a sheriff or deputy sheriff: Date: _

By: _Raymond Frazier_____
    [signature of server]

_RAYMOND FRAZIER_____
    [printed name]

Address: _PO BOX 1006, LITTLE ROCK, AR 7220_

Phone: _501-413-1173_

Subscribed and sworn to before me this date: _4-21-25_

Notary Public _Joyce Raynor_

My Commission Expires: _5-14-2030_

**JOYCE M. RAYNOR**
No. 12376708
PULASKI COUNTY
Commission Expires 5-14-2030

Additional information regarding service or attempted service:

_____

_____



**Case Title:** JASON BARNES V BRINKER ARKANSAS, INC.

**Case Number:** 60CV-25-4021

**Type:** SUMMONS - FILER PREPARED

So Ordered

*Jane Valenzuela* (signature)

Jane Valenzuela