ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2025-Apr-15 14:51:49
60CV-25-4021
C06D12 : 6 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

JASON BARNES     PLAINTIFF

V.     CASE NO. _____

BRINKER ARKANSAS, INC. d/b/a     DEFENDANTS
CHILI'S GRILL & BAR

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, Jason Barnes by and through his undersigned attorneys, and for his cause of action against the Defendant, Brinker Arkansas, Inc. d/b/a Chili's Bar & Grill, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jason Barnes is, and at all times relevant to this action was, a resident of Pulaski County, Arkansas.

2. Upon information and belief, Brinker Arkansas, Inc. d/b/a Chili's Grill & Bar (hereinafter "Defendant" or "Chili's") is a foreign for-profit company registered to do business in the State of Arkansas. Defendant may be served through its registered agent: The Prentice-Hall Corporation System, Arkansas at 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201.

3. The slip and fall injury giving rise to this cause of action occurred at Chili's restaurant located at 4000 McCain Blvd., North Little Rock, AR 72116.

4. Plaintiff was a business invitee to Defendant's restaurant at the time of the fall.

**EXHIBIT A**

5. This Court has jurisdiction over the subject matter of and the parties to this action, and venue is proper in Pulaski County.

## FACTS

6. On or around June 18, 2023, Plaintiff was patronizing Chili's as a business invitee.

7. Concerned about potential closing times, Plaintiff asked Defendant's employees and/or agents if it wasn't too late to come in and eat dinner, since he knew that they would have to begin closing soon.

8. Defendant's employees and/or agents were therefore put on notice that Plaintiff was concerned about incidents that may result if they were to begin cleaning the restaurant.

9. Despite this notice, Defendant's employees and/or agents negligently and recklessly began cleaning areas of the restaurant where they knew Plaintiff would be likely to walk while dining there.

10. Likewise, Defendant's employees and/or agents negligently and recklessly failed to put up warning signs to indicate to Plaintiff where exactly they would be cleaning while he was dining there.

11. Plaintiff was therefore unable to determine where there would be water, or where the surfaces would be dry.

12. During his visit, Plaintiff got up from his table to use the restroom, exercising due caution while walking past the kitchen.

13. At that time, Defendant's employee and/or agent, using a large utility bucket full of mop water, threw the water over the floor on and around Plaintiff's feet, causing him to slip and fall, and become knocked momentarily unconscious.

14. Defendant failed to properly train its employees and/or agents in safety and cleaning procedures prior to this incident.

15. The foregoing negligent and reckless conduct directly and proximately caused Plaintiff severe injuries.

## CAUSES OF ACTION

### NEGLIGENCE

16. Plaintiff restates all foregoing paragraphs as if realleged fully herein.

17. Defendant's owed Plaintiff a duty to use ordinary care to maintain the premises in a reasonably safe condition.

18. Even if Plaintiff knew of cleaning activity around him, the dangers created by Defendant's employees and/or agents was unknown to Plaintiff and not made obvious due to Defendant's failures to post signage, and due to activities occurring in areas of the restaurant Plaintiff had not yet been.

19. Defendant should further have known that Plaintiff would be exposed to danger even if he had knowledge of cleaning activities due to its failures to post signage, and due to the fact that cleaning activities were occurring in areas of the restaurant Plaintiff had not yet been.

20. Defendant owed Plaintiff a duty to post proper signage to warn of dangers unknown to Plaintiff but known to Defendant.

21. Defendant was in fact put on notice of the risks, and yet it recklessly failed to mitigate these risks in any way.

22. Defendant owed Plaintiff a duty to exercise reasonable care in the operation of its business while Plaintiff was patronizing as a business-invitee.

23. Defendant owed a duty to its patrons to properly train its employees and/or agents in matters of safety, cleaning, and in warning customers of the same.

24. Defendant breached its duties to Plaintiff due to its failures to do the following:

   a. exercise reasonable care;

   b. post signage and warnings sufficient to notify Plaintiff;

   c. communicate safety concerns to fellow employees and/or agents;

   d. follow business practices and industry standards;

   e. inspect the premises for safety hazards unknown to its business-invitees;

   f. maintain the premises in a reasonably safe condition;

   g. properly train its employees and/or agents on safety;

   h. properly train its employees and/or agents on cleaning procedures;

   i. properly train its employees and/or agents on warning customers of dangers;

   j. reasonably anticipating that even if Plaintiff knew of potential hazards, he would still be exposed to danger;

   k. continuing to carry out cleaning activities directly in the proximity of where Plaintiff was walking, and would foreseeably have been expected to walk; and

   l. for all other failures yet to be uncovered in discovery.

25. Due to the foregoing breaches, Plaintiff suffered severe and lasting injuries.

26. Defendant's employees and/or agents negligently and recklessly breached the duty they owed to patrons in their restaurant by failing to keep a look out for Plaintiff in public walkways at the time of cleaning.

27. Defendant recklessly failed to provide proper training to its personnel in its efforts to prioritize profits over the insurance of a safe environment for its business invitees.

28. All of Plaintiff's injuries were directly and proximately caused by the acts and omissions described above.

## RESPONDEAT SUPERIOR

29. Plaintiff restates all foregoing paragraphs as if realleged fully herein.

30. All foregoing acts and omissions of Defendant's employees and/or agents were performed in the scope and course of their employment, and in furtherance of the Defendant's business goals. These acts and omissions were reflective of the training, or lack thereof, provided by Defendant, and with the intention of maximizing Defendant's profit as a corporation.

31. Defendant is therefore vicariously liable for all foregoing acts and omissions of its employees and/or agents under the theory of respondeat superior, and for all damages to which Plaintiff may be entitled under Arkansas law.

## DAMAGES

32. Plaintiff restates all foregoing paragraphs as if realleged fully herein.

33. As a direct and proximate result of Defendant's negligence and recklessness, Plaintiff suffered the following serious injuries:

   a. Severe and lasting physical injuries;

   b. Pain, suffering, and mental anguish, which will continue to suffer these conditions into the future;

   c. Scars, disfigurement, and visible results of his injury;

   d. Ongoing difficult medical treatments;

   e. Current and future medical expenses; and

   f. Loss of earnings and loss of his ability to earn in the future.

34. As a result of the Defendants' conduct, Plaintiff should be compensated for the nature, extent, duration, and permanency of his injuries as set out herein.

35. Plaintiff is entitled to damages sufficient to punish Defendant for its reckless misconduct that caused Plaintiff's injuries.

## JURY DEMAND

36. Plaintiff respectfully requests a trial by jury of all issues so triable, pursuant to Ark. R. Civ. P. 38 and other applicable law.

**WHEREFORE,** Plaintiff, Jason Barnes, prays that he have Judgment over and against Defendant Brinker Arkansas, Inc. d/b/a Chili's Bar & Grill, in an amount sufficient to compensate him for his damages, said amount being in excess of that required for federal court diversity jurisdiction; for pre-judgment and post-judgment interest thereon at the maximum rates allowed by law; for his costs and attorney's fees; and for all other proper relief to which he may be entitled.

Respectfully submitted,

**Daspit Law Firm**

By: */s/ Luke M. Hartwick*
    Luke M. Hartwick (AR: 2024116)
    124 W. Capitol Ave., Ste. 1820
    Little Rock, Arkansas 72201
    Telephone: (501) 512-0367
    Facsimile: (713) 587-9086
    Email: e-service@daspitlaw.com
    Email: LHartwick@daspitlaw.com

*Attorney for the Plaintiff*